UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SOLOMON, an Individual, <br><br> Plaintiff, <br><br> v. <br><br> FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY, a New York Corporation, <br><br> Defendant. | Case No.:  19-CV-1203 JLS (BLM) <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO FILE UNDER SEAL** <br><br> (ECF No. 25) |

Presently before the Court is Plaintiff Stephen Solomon's Motion to File Under Seal ("Mot.," ECF No. 25), in which Plaintiff seeks leave to file under seal the entire Administrative Record supporting his anticipated motion for summary judgment. *See* Mot. at 1–2; *see also* ECF No. 26.  Having carefully considered the Motion, the Administrative Record, and the applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access.  *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case."  *Ctr. for Auto Safety*, 809 F.3d at 1102.  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies.  *Id.* at 1096–98.  When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies.  *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.* (citing *Foltz*, 331 F.3d at 1136).  The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case."  *Nixon*, 435 U.S. at 599.

## ANALYSIS

Plaintiff seeks to file under seal the entirety of the 1671-page Administrative Record.  *See* Mot. at 1–2; *see also* ECF No. 26.  Given the strong presumption in favor of access to court records, a party seeking to file under seal materials in support of a dispositive motion,

such as a motion for summary judgment, must articulate compelling reasons to maintain their confidentiality.  *See Foltz*, 331 F.3d at 1136.  Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted."  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

Here, Plaintiff contends that the whole Administrative Record should be filed under seal because it "contains personal and confidential information regarding Plaintiff, such as but not limited to: medical records, contact information, and employment history documentation."  Mot. at 2.  Plaintiff further contends that "[n]othing in the Administrative Record is of public interest" and that "[a] redacted version of the Administrative Record is not necessary, as Defendant is already in possession of all documents included in the Administrative Record and no unrelated parties will be named or have interest in possession or viewing the sealed documents."  *Id.*

These arguments—made without citation to legal authority and unsupported by a declaration from Plaintiff articulating the specific prejudice or harm he will suffer should the Administrative Record be filed publicly—fail to overcome the strong presumption in favor of public access to materials supporting dispositive motions.  The request is also overbroad, seeking to seal the entirety of the Administrative Record as opposed to only those portions containing confidential information.  Because Plaintiff has failed to meet his burden of establishing "compelling reasons" sufficient to outweigh the public's interest in the Administrative Record filed to support his anticipated motion for summary judgment, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

## CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion (ECF No. 25).  Within <u>fourteen (14) days</u> of the electronic docketing of this Order,

Plaintiff **SHALL FILE** a renewed motion to seal that meets the "compelling reasons" standard, along with an appropriately redacted public version of the Administrative Record, **OR** Plaintiff **SHALL FILE** the full, unredacted copy of the Administrative Record previously lodged under seal at ECF No. 26

     **IT IS SO ORDERED.**

Dated:  June 19, 2020

Hon. Janis L. Sammartino
United States District Judge

19-CV-1203 JLS (BLM)